UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CAUSE NO. 3:05-CR-41 RLM |
| | ) | |
| PERRY T. HURLEY | ) | |

OPINION and ORDER

Perry Hurley has filed a motion based on Federal Rule of Civil Procedure 59(e) asking the court to reconsider its denial, on May 16, 2016, of his motion for modification or reduction of sentence. Mr. Hurley filed his motion to reconsider on June 2, making it timely under Rule 59(e), which provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A Rule 59(e) motion will be granted only where the movant clearly establishes a manifest error of law or fact or presents newly discovered evidence. Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d 939, 954 (7th Cir. 2013). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation and citation omitted). In addition, a party "may not use a motion for reconsideration to introduce new evidence that could have been presented earlier." Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000). Mr. Hurley bases his motion to reconsider on a manifest error of fact and newly discovered evidence.

Mr. Hurley first claims that based on the court's oral pronouncement of his sentence on February 23, 2007,[1] he "has been in FBOP custody since February 23, 2007," so his sentence "has been served." Mot., at 2-3. According to Mr. Hurley, "anything otherwise would be a 'manifest error of fact.'" Mot., at 2. Mr. Hurley's own submissions, however, establish that he didn't begin serving his federal sentence until earlier this year. On January 16, 2016, LaPorte County Superior Court Judge Michael S. Bergerson ordered that Mr. Hurley be transferred from state custody "to the custody of federal authorities" to serve his 70-month federal sentence, and "upon completion of federal detention" be returned to state custody to serve the balance of his LaPorte County sentence. Exh. A, Deft's Mot. for Modification or Reduction of Sent. Mr. Hurley is mistaken in his belief that he has already served his federal sentence and so hasn't demonstrated a manifest error of fact or law justifying reconsideration.

Mr. Hurley also relies on what he claims to be newly discovered evidence: "it would be 'newly discovered' for the court to know defendant was in the process of being robbed by potentially armed robbers and that the round defendant fired into the wall of the apartment was a warning shot that scared the robbers away." Mot., at 3. Mr. Hurley says that evidence wasn't presented earlier because he was "uncooperative in his youth over a decade ago." Even if, as Mr. Hurley claims, he was uncooperative in his youth, the facts he now presents have been known to

---

[1] "It's the judgment of the court that the defendant, Perry T. Hurley, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 70 months." Sent. Tr., at 11.

him for more than a decade and, so, don't constitute newly discovered evidence. More importantly, though, Mr. Hurley hasn't explained why or how those facts would support reconsideration of the order being challenged. Rule 59(e) doesn't permit a movant to present evidence that was available earlier or to advance arguments that could and should have been presented to the district court prior to the judgment being challenged. <u>Miller v. Safeco Ins. Co. of America</u>, 683 F.3d 805, 813 (7th Cir. 2012).

Mr. Hurley hasn't established a manifest error of fact or law nor has he presented newly discovered evidence that would require the court to reconsider the denial of his motion for modification or reduction of sentence. The court, therefore, DENIES his motion to reconsider [docket # 31].

SO ORDERED.

ENTERED:  June 10, 2016

                                                  /s/ Robert L. Miller, Jr.
                                              Judge, United States District Court

cc:   P. Hurley
      AUSA Lowery